U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 25 2022
AT____O'CLOCK____
John M. Domurad, Clerk - Albany

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   8:22-CR-308 (LEK) |
| | ) | |
| v. | ) | **Indictment** |
| | ) | |
| **CALVIN BAUTISTA,** | ) | Violation:   18 U.S.C. § 545 [Smuggling Goods Into the United States] |
| | ) | |
| | ) | 1 Count |
| | ) | |
| **Defendant.** | ) | County of Offense:   Clinton |

## THE GRAND JURY CHARGES:

### Background

At all times relevant to this indictment:

1. The United States was a signatory to the Convention on International Trade in Endangered Species of Wild Fauna and Flora, 27 U.S.T. 1087, T.I.A.S. 8249 (the "CITES Treaty"). The CITES Treaty provided a mechanism for regulating international trade in species whose survival was considered threatened by trade.

2. The CITES Treaty classified wildlife and plants in three categories and accorded specific trade protection to fauna and flora that were protected according to a classification system known as the "Appendices." International trade in species listed on these Appendices was monitored and regulated by permits and quotas. Wildlife and plant species listed in Appendix II of the CITES Treaty includes species that were not presently threatened with extinction but may become so if their trade was not regulated. It also included species that needed to be regulated so that trade in certain other Appendix I and II species may be effectively controlled.

3. Burmese pythons (*Python molurus*) were listed in Appendix II of the CITES Treaty, and as such, were permitted to be imported into the United States from a foreign country only if, prior to importation, the importer possessed a valid CITES document (such as a CITES export permit or re-export certificate) issued by the country of export. *See* 50 CFR 23.20.

4. The CITES treaty was implemented in the United States by the Endangered Species Act of 1973 (the "ESA"), which directed the United States Fish and Wildlife Service ("USFWS") to administer the treaty. The ESA made it unlawful to knowingly "trade in any specimen contrary to the provisions of [CITES], or to possess any specimen traded contrary to the provisions of [CITES]." 16 U.S.C. § 1538(c); 50 C.F.R. §§ 23.13. "Trade," in this context, included the possession, transport, and importation into the United States. The USFWS issued extensive regulations incorporating the specific permit requirements and provisions of the CITES Treaty and listing the species contained on the Appendices to the CITES Treaty. *See* 50 C.F.R. §§ 23.5, 23.20.

5. In addition to the import and export document requirements under the CITES Treaty, with limited exceptions not relevant to this indictment, 50 C.F.R. § 14.61 required that a completed Declaration for Importation or Exportation of Fish or Wildlife (Form 3-177), signed by the importer or the importer's agent, be filed with the USFWS upon the importation of any wildlife, including Burmese pythons. 16 U.S.C. § 1538; 50 C.F.R. § 14.61.

6. The importation into the United States of any species listed as "injurious to human beings" by the Secretary of the Interior was also prohibited unless authorized by a permit issued by the USFWS. 18 U.S.C. § 42. Burmese pythons were listed as an "injurious" species. 50 C.F.R. § 16.15. To obtain an injurious species permit, the applicant was required to submit a Federal Fish and Wildlife License/Permit application (Form 3-200) along with information related to the number of specimens, the common and scientific names of each species, the purpose of the

importation, the address where the wildlife would be held, and the applicant's qualifications. *See* 50 C.F.R. § 16.22.

7. Generally, with limited exceptions not relevant to this indictment, all wildlife was required to be imported at a port of entry designated by law for the import or export of wildlife. 16 U.S.C. §1538(f); 50 C.F.R. § 14.11. The Port of Entry in Champlain, New York ("Champlain POE"), was not a designated wildlife port of entry. 50 C.F.R. § 14.12.

8. At no time did the defendant, **CALVIN BAUTISTA**, apply for or receive a permit under CITES or the ESA, or obtain any other permission from the Secretary of the Interior, authorizing the importation of Burmese Pythons into the United States from Canada. At no time did the defendant, **CALVIN BAUTISTA**, complete, sign, or file a Declaration for Importation or Exportation of Fish or Wildlife with the USFWS (Form 3-177), or a Federal Fish and Wildlife License/Permit application (Form 3-200).

## COUNT 1
## [Smuggling Goods into the United States]

9. The allegations set forth above in paragraph 1 to 8 are incorporated herein by reference and realleged as if fully set forth herein.

10. On or about July 15, 2018, in Clinton County in the Northern District of New York, the defendant, **CALVIN BAUTISTA**, knowingly imported and brought into the United States merchandise contrary to law, that is, the defendant smuggled three Burmese pythons (*Python molurus*) into the United States at the Champlain POE without having obtained an ESA or CITES permit and in violation of Title 16, United States Code, Section 1538, Title 18, United States Code, Section 42, and Title 50, Code of Federal Regulations, Sections 14.11, 14.12, 14.61, 16.15, 16.22, 23.13, 23.20, and 23.5, all in violation of Title 18, United States Code, Section 545.

Dated: August 25, 2022

A TRUE BILL, Name redaction

[redacted]
Grand Jury Foreperson

CARLA B. FREEDMAN
United States Attorney

By: *[signature]*

Alexander P. Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897